

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AMIE OWENS, on her behalf and on behalf of those similarly situated, § § § | |
| Plaintiff, § § | Civil Action No. 3:03-CV-0620-M |
| v. § § | |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY a/k/a GEICO, § § § § | |
| Defendants. § § | |

## ORDER

Before the Court is Plaintiff's Motion for Notice to Potential Plaintiffs. The Court, having considered Plaintiff's Motion, Defendants' Response, Plaintiff's Reply and the appendices of the parties, and the arguments and authorities supporting the same, is of the opinion the motion should be and hereby is **GRANTED**, but the Notice proposed by the Plaintiff is to be modified as reflected on Exhibit A hereto.

Defendant is **ORDERED** to produce the names and last known addresses of all current and former hourly paid, telephone-dedicated employees who worked in GEICO's call centers as Sales Associates, Customer Service Representatives, Direct Handlers, Billing Associates, or PBX employees who worked at GEICO between March 25, 2000 and the present. This includes all hourly paid, telephone-dedicated employees in the sales, customer service, claims, billing, or PBX departments, regardless of precise job title.

Defendants shall provide this information in an electronic form that can be used by Plaintiff in mailing out the Court-approved Notice. This information must be produced to Plaintiffs within 11 days of the entry of this Order.

The revised Notice as reflected on Exhibit A may be immediately issued to those individuals whose names are being provided by this Order. Plaintiff is permitted to send subsequent mailings of this Notice at her expense. The Notice of Consent attached as Exhibit J to the Appendix to Plaintiff's Motion for Notice shall be enclosed with the Notice to potential plaintiffs, along with a self-addressed stamped envelope. Costs of the Notice are to be borne by Plaintiff.

The potential plaintiffs shall be provided until ninety (90) days after the entry of this order to file a Notice of Consent opting-in to this litigation as plaintiffs, unless good cause can be shown as to why the consent was not postmarked prior to the deadline. Plaintiff shall notify Defendants and the Court of the date the Notices are mailed.

**SIGNED** this 20 day of May, 2003.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE

# Exhibit A

IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMIE OWENS, on her behalf and on behalf of those similarly situated, | § § § | |
| | § | Civil Action No. 3-03CV0620-M |
| Plaintiff, | § § | |
| v. | § § | Judge Lynn |
| | § | |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY a/k/a/ GEICO | § § § | Collective Action Pursuant to 29 U.S.C. § 216(b) |
| Defendants. | § § | |

**IMPORTANT NOTIFICATION TO POTENTIAL CLASS MEMBERS**

TO: ALL CURRENT AND FORMER HOURLY PAID, TELEPHONE-DEDICATED EMPLOYEES WHO WORKED IN GEICO'S CALL CENTERS AS SALES ASSOCIATES, CUSTOMER SERVICE REPRESENTATIVES, DIRECT HANDLERS, BILLING ASSOCIATES, OR PBX EMPLOYEES WHO WORKED AT GEICO BETWEEN MARCH 25, 2000, AND THE PRESENT. THIS INCLUDES ALL HOURLY PAID, TELEPHONE-DEDICATED EMPLOYEES IN THE SALES, CUSTOMER SERVICE, CLAIMS, BILLING, OR PBX DEPARTMENTS, REGARDLESS OF PRECISE JOB TITLE.

FROM: EDWARDS + GEORGE, LLP AND BRUCKER BURCH, PLLP, COUNSEL FOR

RE: RIGHT TO JOIN LAWSUIT/TO RECOVER UNPAID OVERTIME COMPENSATION PLAINTIFF SEEKING

DATE: MAY __, 2003.

1. PURPOSE OF NOTICE

The purpose of this Notification is to inform you of the existence of a collective action lawsuit in which you are potentially eligible to participate because you may be "similarly situated" to the named Plaintiff. This Notification is also intended to advise you how your rights under the Federal Fair Labor Standards Act (the "Act") may be affected by this lawsuit, and to instruct you on the procedure for participating in this suit, should you decide that it is appropriate and you choose to do so.

**007**

Page 1 of 5

2.  DESCRIPTION OF THE LAWSUIT

~~This~~ **A** lawsuit has been brought by Amie Owens ("Plaintiff") against Government Employees Insurance Company ("GEICO") in the United States District Court for the Northern District of Texas. The lawsuit alleges that GEICO failed to provide overtime compensation as required by the Act. Plaintiff's lead counsel in this case are:

*[handwritten: website can list firm address]*

J. Derek Braziel (~~geicoinfo@edwards-george.com~~)
EDWARDS & GEORGE, LLP
208 N. Market St.
Suite 400
Dallas, Texas 75202
Telephone: 214-749-1400
Toll Free Telephone: 866-949-1400
Facsimile: 214-749-1010

*[handwritten: same as above]*

Richard J. "Rex" Burch (~~geicoinfo@brucknerburch.com~~)
Bruckner Burch, PLLC
5847 San Felipe
Suite 3900
Houston, TX 77057
Telephone: 713-877-8788
Facsimile: 713-977-8065

*[handwritten left margin: as Cause No. 3-03CV0620 - M, before Judge Barbara Lynn]*

Generally, the overtime provisions of the Act require that, for all hours over forty hours per week that an employee works, the employer must compensate the employee at the rate of one and one-half times his or her regular hourly rate, unless that employee is properly classified as "exempt" from the overtime provisions of the Act. The Plaintiff in this lawsuit claims that during one or more weeks of her employment with GEICO, she worked in excess of forty hours, but was not paid overtime at the rate of one and one-half times her hourly rate for the hours she worked in excess of forty.

Plaintiff alleges she was not properly paid for her overtime hours due to GEICO's failure to count the time she was performing work before her shift started and after her shift ended. Specifically, Plaintiff contends she performed such work as booting up and shutting down her various computer programs before and after her shift but was not paid for this time because she was only paid for the time she was logged into the phone system. Plaintiff contends she performed a variety of other tasks before and after her shifts that were necessary to performing her job, but that she was not paid for those activities.

Plaintiff is suing to recover unpaid overtime compensation for the period from March 25, 2000, to the present.

*[handwritten:]* Geico denies that it violated the Fair Labor Standards Act. It maintains that it has not required or allowed employees to work without pay before and after their **008** scheduled shift times, and that it *Page 2 of 5* has paid for all time worked, including overtime for hours in excess of 40 per week



3.   COMPOSITION OF THE CLASS

The named Plaintiff seeks to sue on behalf of herself and also on behalf of other employees with whom she is similarly situated. Those that Plaintiff alleges are similarly situated are those current and former hourly paid, telephone-dedicated employees who worked in GEICO's call centers as Sales Associates, Customer Service Representatives, Direct Handlers, Billing Associates, or PBX employees who worked at GEICO between March 25, 2000, and the present. This includes all hourly paid, telephone-dedicated employees in the sales, customer service, claims, billing, or PBX departments, regardless of precise job title.

This Notification is only for the purpose of determining the identity of those persons who wish to be involved in this case and has no other purpose. Your right to participate in this suit may depend upon a later decision by the United States District Court that you and the representative Plaintiff are actually "similarly situated."

4.   YOUR RIGHT TO PARTICIPATE IN THIS SUIT

If you fit the definition above, that is, you are a current or former hourly paid, telephone-dedicated employees who worked in GEICO's call centers as Sales Associates, Customer Service Representatives, Direct Handlers, Billing Associates, or PBX employees who worked at GEICO between March 25, 2000 and the present and you worked overtime hours for which you were not compensated, you may have a right to participate in this lawsuit. This definition includes all hourly paid, telephone-dedicated employees in the sales, customer service, claims, billing, or PBX departments, regardless of precise job title. ~~IT DOES NOT MATTER THAT~~

~~YOU WERE TOLD BY GEICO THAT THE TIME YOU WORKED BEFORE AND AFTER YOUR ASSIGNED SHIFT WAS UNPAID OR DONATED TIME;~~

~~YOU DID NOT KEEP ANY RECORDS OF THE HOURS YOU WORKED BEFORE AND AFTER YOUR SHIFTS;~~

~~YOU WORKED OVERTIME THAT WAS NOT APPROVED BY GEICO~~

5.   HOW TO PARTICIPATE IN THIS LAWSUIT

Enclosed you will find a form entitled "Consent to Become a Party Plaintiff" ("Consent Form"). If you choose to join this lawsuit, and thus participate in any recovery that may result from this lawsuit, **it is extremely important that you read, sign and return the Consent Form.** An addressed and postage paid envelope is enclosed for your convenience. Should the enclosed envelope be lost or misplaced, the Consent Form should be sent to:

Overtime Lawsuit Against GEICO
**EDWARDS & GEORGE, LLP**
208 N. Market St., Suite 400
Dallas, Texas 75202

The signed Consent Form must be postmarked by ⟋_____, 2003. *90 Days from 5-23*  **If your signed Consent Form is not postmarked by _____ ✓__, 2003, you will not participate in any recovery obtained against GEICO in this lawsuit.** If you have any questions about filling out or sending the Consents, please contact Plaintiff's counsel listed on page one of this notice ~~or see the website created by Plaintiff's counsel to answer many of your questions at www.geicoovertimelawsuit.com.~~

6.   NO RETALIATION PERMITTED

It is a violation of federal law for GEICO to discharge, or in any manner discriminate or retaliate against you for taking part in this case. If you believe that you have been penalized, discriminated against or disciplined in any way as a result of your receiving this notification, considering whether to joint this lawsuit or actually joining this lawsuit, you should contact Plaintiff's counsel immediately.

7.   EFFECT OF JOINING THIS SUIT

If you choose to join this lawsuit, you will be bound by the judgment, whether it is favorable or unfavorable. You will also be bound by, and will share in, any settlement that may be reached on behalf of the class.

By joining this lawsuit, you designate the representative Plaintiff as your agent to make decisions on your behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning fees and costs, and all other matters pertaining to this lawsuit. These decisions and agreements made and entered into by the representative Plaintiff will be binding on you if you join this lawsuit.

The representative Plaintiff in this matter has entered into a contingency fee agreement with Plaintiff's counsel, which means that if there is no recovery, there will be no attorneys fees or costs chargeable to you. If there is a recovery, Plaintiff's counsel will receive a part of any settlement obtained or money judgment entered in favor of all members of the class. You may request a copy of the contingency fee agreement executed by the Plaintiff in this matter from Plaintiff's counsel at the address, telephone number, facsimile number, or e-mail that appears on page one of this notice.

8.   NO LEGAL EFFECT IN NOT JOINING THIS SUIT

If you choose not to join this lawsuit, you will not be affected by any judgment or settlement rendered in this case, whether favorable or unfavorable to the class. You will not be entitled to share any amounts recovered by the class. You will be free to file your own lawsuit, subject to any defenses that might be asserted. The pendency of this suit will not stop the running of the statute of the limitations as to any claims you might have until you opt-in to it.

9.   FURTHER INFORMATION

**010**

Further information about this Notification or the lawsuit may be obtained from Plaintiff's counsel at the address, telephone number, facsimile number or e-mail identified on page one of this notice.

THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, BARBARA M. G. LYNN, UNITED STATES DISTRICT COURT JUDGE. THE COURT HAS TAKEN NO POSITION REGARDING THE MERITS OF THE PLAINTIFF'S CLAIM OR OF THE DEFENDANTS' DEFENSES.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE